[Cite as *Sammons v. Keystone Am., Inc.*, 2021-Ohio-3885.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| TODD SAMMONS | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellant /<br>Cross-Appellee | Hon. Patricia A. Delaney, J.<br>Hon. Earle E. Wise, Jr., J |
| -vs- | Case Nos. 2021 CA 00038 &<br>2021 CA 00039 |
| KEYSTONE AMERICA, INC. | |
| Defendant-Appellee /<br>Cross-Appellant | O P I N I O N |

CHARACTER OF PROCEEDINGS:     Appeal from the Licking County Court of
Common Pleas, Case Nos. 2015 CV
0881 & 2019 CV 0192

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     October 28, 2021

APPEARANCES:

For Plaintiff-Appellant

JAMES P. TYACK
MADISON MACKAY
The Tyack Law Firm Co., LPA
536 South High Street
Columbus, Ohio 43215

For Defendant-Appellee

ALYCIA N. BROZ
DANIEL E. SHUEY
Vorys, Sater, Seymour and Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, Ohio 43216

*Hoffman, P.J.*

{¶1}   Plaintiff-appellant Todd Sammons appeals the judgment entered by the Licking County Common Pleas Court awarding him damages in the amount of $10,000 from Defendant-appellee Keystone America, Inc. for use of Appellant's persona for commercial purposes in violation of R.C. 2941.02.   Appellee has filed a conditional cross appeal.

STATEMENT OF THE FACTS AND CASE

{¶2}   Appellant worked at two funeral homes in Licking County, which were purchased by Appellee.    While Appellant was employed, both funeral homes used Appellant's last name, "Sammons," as a part of the name of the funeral home.

{¶3}   Appellant's employment with Appellee terminated in 2014.  Appellee paid Appellant $15,000 for the right to use his name in connection with the two funeral homes until December 31, 2014.  By agreement, the parties later extended the use of Appellant's name to February 28, 2015.

{¶4}   On October 16, 2015, Appellant filed a lawsuit alleging Appellee improperly used his name for commercial purposes beyond the February 28, 2015 deadline in violation of R.C. 2741.02.  Appellee moved for partial summary judgment, arguing any statutory damages awarded for violation of R.C. 2741.02 should be capped at $10,000, pursuant to R.C. 2741.07.  The trial court granted the motion, finding pursuant to R.C. 2741.07(A)(1)(b), the maximum amount of damages awarded, should Appellant elect to receive statutory damages rather than prove actual damages, is $10,000 in total, and not $10,000 for each instance or medium on which Appellant's name was used.  Appellant dismissed his case without prejudice on October 16, 2018, one week before trial.

{¶5}    Appellant refiled the action in 2019.  On March 6, 2020, Appellant moved the court to reconsider its summary judgment entered in the 2015 case, capping statutory damages at $10,000 regardless of the number of individual violations of R.C. 2741.02. Appellant also filed a motion for partial summary judgment.  The trial court granted the motion for partial summary judgment, finding in pertinent part:

Further, the Court finds that plaintiff's persona has commercial value and the defendant used plaintiff's persona for commercial purposes without his consent as it relates to:  obituaries, YPM directories and phonebooks, funeral home locations signage, funeral home websites, website advertising, and employment listings.  Damages shall be determined at trial.

{¶6}    Judgment entry, May 28, 2021.

{¶7}    Appellant notified the court he was electing to receive statutory damages in lieu of actual damages pursuant to R.C. 2941.07.  Appellee filed a motion in limine asking the court to declare Appellant, having elected to receive statutory damages, was prevented from seeking punitive damages and presenting evidence of same at trial.  The trial court overruled Appellee's motion.

{¶8}    The parties entered into an agreed judgment filed May 7, 2021.  Appellee stipulated to two violations of the statute regarding use of Appellant's name on funeral home signage, while Appellant continued to maintain via stipulation, despite the trial court's grant of partial summary judgment which left only damages for determination at trial, the precise number of violations must be determined by the trier of fact if the Court

of Appeals ordered remand.  Appellee stipulated to damages of $10,000, and the trial court awarded Appellant damages in the amount of $10,000.

{¶9}   Appellant filed two identical notices of appeal, both bearing both the trial court case numbers from 2015 and 2019, and both purporting to appeal from the same judgment entries of the trial court, assigned appellate case numbers 2021 CA 00038 and 2021 CA 00039.  This Court consolidated the cases, with 2021 CA 00038 controlling. Appellee filed a notice of cross appeal under case number 2021 CA 00038.

{¶10} It is from the April 10, 2017, May 29, 2020, and May 7, 2021 judgments of the trial court Appellant prosecutes his appeal, assigning as error:


I. THE TRIAL COURT ERRED WHEN IT GRANTED DEFENDANT'S PARTIAL MOTION FOR SUMMARY JUDGMENT HOLDING PLAINTIFF'S STATUTORY DAMAGES TO BE CAPPED AT $10,000 FOR ALL VIOLATIONS OF O.R.C. §2741.02 BY DEFENDANT.

II. THE TRIAL COURT ERRED WHEN IT DENIED PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE APRIL 10, 2017 ENTRY GRANTING DEFENDANT'S PARTIAL MOTION FOR SUMMARY JUDGMENT AS TO THE STATUTORY DAMAGES CAP IN LIGHT OF NEW EVIDENCE OF CONTINUED VIOLATIONS BY DEFENDANT OF O.R.C. §2741.02.


{¶11} Appellee filed a notice of cross appeal, setting forth a single conditional assignment of error:

THE TRIAL COURT ERRED WHEN IT DENIED KEYSTONE'S MOTION TO PROHIBIT MR. SAMMONS FROM SEEKING PUNITIVE DAMAGES ON TOP OF HIS STATUTORY DAMAGES.

I., II.

**{¶12}** We address Appellant's assignments of error together, as both raise the issue of whether the trial court erred in finding statutory damages capped at $10,000, regardless of the number of individual violations of the statute.

**{¶13}** R.C. 2941.02 provides:

(A) Except as otherwise provided in this section, a person shall not use any aspect of an individual's persona for a commercial purpose:

(1) During the individual's lifetime;

(2) For a period of sixty years after the date of the individual's death; or

(3) For a period of ten years after the date of death of a deceased member of the Ohio national guard or the armed forces of the United States.

(B) A person may use an individual's persona for a commercial purpose during the individual's lifetime if the person first obtains the written consent to use the individual's persona from a person specified in section 2741.05 of the Revised Code. If an individual whose persona is at issue has died, a person may use the individual's persona for a commercial purpose if either of the following applies:

(1) The person first obtains the written consent to use the individual's persona from a person specified in section 2741.05 of the Revised Code who owns the individual's right of publicity.

(2) The name of the individual whose persona is used was the name of a business entity or a trade name at the time of the individual's death.

(C) Subject to the terms of any agreement between a person specified in section 2741.05 of the Revised Code and a person to whom that person grants consent to use an individual's right of publicity, a consent obtained before the death of an individual whose persona is at issue remains valid after the individual's death.

{¶14} In granting Appellant's partial motion for summary judgment, the trial court found Appellee violated this statute in the following ways:  obituaries, YPM directories and phonebooks, funeral home locations signage, funeral home websites, website advertising, and employment listings.  Although Appellant continues to maintain there are more instances of use of his name for the trier of fact to determine at trial, and Appellee stipulated to only two violations regarding funeral home signage, neither party has appealed the trial court's grant of partial summary judgment on this issue.

{¶15} In this case, Appellant elected to receive statutory damages in lieu of proving actual damages in accordance with R.C. 2741.07, which provides in pertinent part:

(A)(1) A person who violates section 2741.02 of the Revised Code is liable in a civil action to the person injured by the violation for the following:

(a) Actual damages, including any profits derived from and attributable to the unauthorized use of an individual's persona for a commercial purpose as determined under division (A)(2) of this section;

(b) At the election of the plaintiff and in lieu of actual damages, statutory damages in the amount of at least two thousand five hundred dollars and not more than ten thousand dollars, as determined in the discretion of the trier of fact, taking into account the willfulness of the violation, the harm to the persona in question, and the ability of the defendant to pay a civil damage award;

(c) If applicable pursuant to section 2315.21 of the Revised Code, punitive or exemplary damages.

(2) The trier of fact shall include any profits derived from and attributable to the unauthorized use of an individual's persona for a commercial purpose in calculating the award of actual damages under division (A)(1)(a) of this section.

{¶16} The trial court determined this statute capped statutory damages at $10,000, regardless of the number of times and the variety of ways in which Appellee violated R.C. 2741.02 with regard to the use of Appellant's name in conjunction with its funeral home operations.

**{¶17}** This appears to be a case of first impression in Ohio appellate courts. However, the trial court cited to a Franklin County Common Pleas Court decision in *Lahm v. Three Dog Films, LLC,* Franklin C.P. No. 09 CVC-09-13724 (September 30, 2011).  In *Lahm*, the plaintiff's likeness had been used in commercials for a casino without his consent.   The plaintiff argued his image was used a total of 525 times via internet advertising, billboards, television, magazines, newspapers, and in-casino ads.  He argued he could receive statutory damages between the amounts of $2,500 and $10,000 for each of these 525 uses pursuant to R.C. 2741.07(A)(1)(b).  The trial court rejected the plaintiff's argument, holding:

Although this case presents an issue of first impression with respect to the number of statutory damages awards allowable pursuant to R.C. §2741.07 – one per unauthorized use or a single award for the unauthorized use in general – the Court finds R.C. §2741.07 is not ambiguous and the Court need not resort to the rules of statutory interpretation in answering the question.  The statute clearly provides for an award of damages, between $2,500 and $10,000, for *the* violation, not *per* violation.  The Court finds well taken Defendants' argument that the plain language of the statute provides for a single award of statutory damages for the violation, not for multiple awards of statutory damages, one for each violation or unauthorized use, particularly when compared to other statutes that expressly provide for damages to be determined *per* violation.  In other words, the Court finds the statute does not provide for a separate award of statutory damages for each

billboard on which Plaintiff's image appeared or for each TV commercial that aired, as Plaintiff argues. Rather, the statute provides for one award of statutory damages for the unauthorized use of Plaintiff's image in the casino advertising campaign.

**{¶18}** *Id.* at 36.

**{¶19}** We agree with the reasoning of the Franklin County Common Pleas Court, adopted by the trial court in the instant case. The Ohio Revised Code is replete with language specifically providing a remedy or penalty for each separate violation, or "per violation." *See, e.g.*, R.C. 903.16, 903.17, 1322.50, 1751.45, 3794.07, 3916.19, 3961.08, 6109.23. Had the legislature intended each individual action taken in violation of R.C. 2741.02 to constitute a separate violation with a separate damage award of $2,500 to $10,000, it could have said so, as it did in other sections of the Revised Code.

**{¶20}** Further, under Appellant's theory, he could be awarded as much as $4.5 million in statutory damages for the number of individual violations in this case. Appellant's theory that each separate use of his name in an obituary, a phone directory, an internet advertisement, etc. is a separate violation entitling him to a separate damage award of $2,500 to $10,000 is an argument with no limit. What constitutes each violation? Is it the internet ad itself, or is the number of "hits" the internet ad received? Is the signage in front of the funeral home a single violation, or is each car which drives past the funeral home and views the sign a separate violation? The potential award of damages is nearly limitless, which could not be the intent of the legislature with regard to statutory damages.

**{¶21}** The statute allows an aggrieved party to prove actual damages, which in a given case could far exceed the $10,000 cap of statutory damages. However, we find it could not have been the intent of the legislature for a party who is unable to prove actual damages to be entitled to millions of dollars in damages based on multiple publications of the same use of his name, in this case, in conjunction with the naming of the funeral home. Implicit in R.C. 2741.07's provision for statutory damages is a recognition even if an aggrieved party is unable to prove the commercial value of their name to the defendant or unable to prove the damages incurred as a result of improper use of their name, a person's name has inherent worth, and damages are appropriate. However, we find it could not have been the intent of a legislature to award potentially millions of dollars in damages with no correlation to the actual commercial value to the defendant or harm caused to the plaintiff simply by stacking multiple uses of the plaintiff's name for a single commercial venture.

**{¶22}** In *State ex rel. Ware v. Akron*, 2021-Ohio-624, a records requestor filed a writ of mandamus in the Ohio Supreme Court, asking the court to award statutory damages in the amount of $2,000. The statute in question allowed for statutory damages in the amount of $1,000 for failure to timely reply to a public records request. Ware alleged he was entitled to $2,000 because he served two separate records requests. The court held Ware was only entitled to $1,000, because "the fact that he spread his public-records requests across two letters does not automatically mean that each letter constitutes a separate request for purposes of calculating statutory damages. *Id.* at ¶22. The court found R.C. 149.43(C)(1) "does not permit stacking of statutory damages based on what is essentially the same records request." *Id.* While not directly on point as *Ware* dealt

with a different statute, we find the decision analogous to the instant case. Appellant is not seeking statutory damages for individual violations of R.C. 2741.02, but rather is seeking to stack statutory damages for a single commercial use of his name without his consent in conjunction with the operation of the funeral home. We note while Appellant cited to numerous instances of use of his name without his consent in his complaint, his complaint included a single cause of action for violation of R.C. 2741.02.

{¶23} We find the trial court did not err in limiting Appellant's award of statutory damages to $10,000.

{¶24} The first and second assignments of error are overruled.

{¶25} Appellee's assignment of error on cross appeal is conditional on our reversal of the case based on Appellant's assignments of error. Because we have overruled both of Appellant's assignment of error, we find the cross appeal is rendered moot.

**{¶26}** The judgment of the Licking County Common Pleas Court is affirmed. Costs of the direct appeal are assessed to Appellant. Costs of the cross appeal are assessed to Appellee.


By: Hoffman, P.J.

Delaney, J. and

Wise, Earle, J. concur