[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Martin v. Buchanan,* Slip Opinion No. 2017-Ohio-9163.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-9163

[THE STATE EX REL.] MARTIN, APPELLANT, *v.* BUCHANAN, JUDGE, ET AL.,

APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Martin v. Buchanan,* Slip Opinion No. 2017-Ohio-9163.]

*Mandamus—Prohibition—Mandamus petition denied as moot—Judgment sought by petitioner has already been entered—Prohibition petition against clerk of courts denied—Prohibition does not lie when action sought to be prohibited is neither judicial nor quasi-judicial.*

(No. 2017-0234—Submitted June 20, 2017—Decided December 27, 2017.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 105063, 2017-Ohio-301.

_____

**Per Curiam.**

{¶ 1} Appellant, Tramaine E. Martin, appeals the judgment of the Eighth District Court of Appeals denying his petition for writs of mandamus and

prohibition. We deny Martin's pending motion to proceed to judgment, and we affirm the judgment of the court of appeals.

{¶ 2} Martin was convicted in Cleveland Heights Municipal Court of six counts of receiving stolen property as well as of other charges. *Cleveland Hts, v. Martin*, case Nos. CRB1301152(A through I). He appealed. On April 3, 2014, the Eighth District Court of Appeals dismissed the appeal for lack of a final, appealable order. *Cleveland Hts. v. Martin*, 8th Dist. Cuyahoga No. CA-13-100682 (Apr. 3, 2014).

{¶ 3} On October 12, 2016, Martin filed a petition for a writ of mandamus in the Eighth District Court of Appeals to compel appellee Judge A. Deane Buchanan to issue a final, appealable order in his criminal case. The court of appeals denied the petition, holding that mandamus was unavailable because Judge Buchanan had set the matter for a hearing to address the finality of the judgment of conviction and thus Martin had an adequate remedy at law. 2017-Ohio-301, ¶ 6.

{¶ 4} Alternatively, Martin's petition sought a writ of prohibition against appellee Cleveland Heights clerk of courts. He alleged that a third party had posted bail on his behalf in an unrelated case, *Cleveland Hts. v. Martin*, case No. CRB1600519, and that the clerk had fraudulently applied those sums to the fines and costs assessed against him in case No. CRB1301152A. The court of appeals denied this writ as well, on the grounds that the depositor had consented to the disposition of the funds. 2017-Ohio-301, ¶ 7.

{¶ 5} Martin appealed. But on April 28, 2017, while this appeal was pending, Judge Buchanan issued a new judgment entry in Martin's case.[1] Martin's mandamus petition is therefore moot and is denied on that basis. *State ex rel.*

---

[1] The Cleveland Heights Municipal Court docket can be accessed at http://search.clevelandheightscourt.com/recordSearch.php?k=docket18236nxvaInUEWdW9zvqvy oMRFmKnSR81pSOInRkP98p53127849774220612402752525706010594508584406285986376 74921348893955883091253438

2

*Eubank v. McDonald*, 135 Ohio St.3d 186, 2013-Ohio-72, 985 N.E.2d 463, ¶ 1 ("Mandamus will not lie to compel an act that has already been performed").

{¶ 6} There are three elements necessary for a writ of prohibition to issue: the exercise of judicial power, the lack of authority to exercise that power, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Elder v. Camplese*, 144 Ohio St.3d 89, 2015-Ohio-3628, 40 N.E.3d 1138, ¶ 13. But the clerk's action did not constitute the exercise of judicial or quasi-judicial authority. *See State ex rel. Dayton Law Library Assn. v. White*, 163 Ohio App.3d 118, 2005-Ohio-4520, 836 N.E.2d 1232, ¶ 25 (holding that the billing and attempted collection of costs by a municipal-court clerk did not constitute the exercise of judicial or quasi-judicial authority).

{¶ 7} On July 24, 2017, while this case was pending, Martin filed a "Motion to proceed to judgment." That motion is now moot and is therefore denied.

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

_____

Tramaine E. Martin, pro se.

L. James Juliano Jr., Cleveland Heights Director of Law, and Tiffany Hill, Assistant Director of Law, for appellees.

_____