[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Martin v. Greene,* Slip Opinion No. 2019-Ohio-1827.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-1827

THE STATE EX REL. MARTIN *v*. GREENE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Martin v. Greene,* Slip Opinion No. 2019-Ohio-1827.]

*Mandamus—Public-records law—Writ will not issue to compel act already performed—Writ denied—Statutory damages denied—Costs denied.*

(No. 2018-0068—Submitted March 5, 2019—Decided May 15, 2019.)

IN MANDAMUS.

_____

**Per Curiam.**

{¶ 1} In this original action, relator, Andre Martin, seeks a writ of mandamus against respondent, Larry Greene, the administrative assistant for the warden of the Southern Ohio Correctional Facility, to compel the production of public records. In addition, Martin seeks an award of statutory damages and court costs. Also pending is Martin's motion asking that this court accept the affidavit and exhibits attached to his complaint as substantive evidence.

**{¶ 2}** For the reasons set forth below, we deny the motion and the writ as moot. We also deny his request for damages and costs.

**Background**

**{¶ 3}** Martin is an inmate at the Southern Ohio Correctional Facility. He alleges that on or about December 15, 2017, he submitted a public-records request to the warden's office through the prison "kite system."[1] Although the public-records request itself is not in the record, the parties seem to agree that Martin requested his inmate bank-account information for the months of November and December 2017.

**{¶ 4}** Greene sent Martin a written acknowledgment that he received Martin's request, indicating that he forwarded the request to the cashier's office. However, neither Greene nor the cashier gave Martin any further response to his records request.

**{¶ 5}** On January 16, 2018, Martin filed a complaint for a writ of mandamus against Greene. Eight days later, the facility provided him copies of the requested records. Greene subsequently filed a motion to dismiss but not on the basis of mootness. Rather, Greene argued that we should dismiss Martin's complaint because Martin failed to attach certain documents to the complaint. We denied the motion, granted an alternative writ of mandamus, and set a schedule for the presentation of evidence and the filing of briefs. 155 Ohio St.3d 220, 2018-Ohio-4201, 120 N.E.3d 783, ¶ 10. Thereafter, Martin filed a memorandum but failed to submit any evidence or file a reply brief. On March 15, however, three months late, Martin filed a motion asking this court to consider the affidavit and exhibits attached to his complaint as substantive evidence.

---

1. A "kite" is written by an inmate to a member of the prison staff and is "a means for inmates to contact staff members inside [an] institution." *State v. Elmore*, 5th Dist. Richland No. 16CA52, 2017-Ohio-1472, ¶ 15.

**Analysis**

**{¶ 6}** To be entitled to a writ of mandamus, a party must establish by clear and convincing evidence (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Love v. O'Donnell*, 150 Ohio St.3d 378, 2017-Ohio-5659, 81 N.E.3d 1250, ¶ 3. " 'Mandamus will not lie to compel an act that has already been performed.' " *State ex rel. Martin v. Buchanan*, 152 Ohio St.3d 68, 2017-Ohio-9163, 92 N.E.3d 869, ¶ 5, quoting *State ex rel. Eubank v. McDonald*, 135 Ohio St.3d 186, 2013-Ohio-72, 985 N.E.2d 463, ¶ 1.

**{¶ 7}** In general, a public-records mandamus case becomes moot when the public office provides the requested records. *State ex rel. Toledo Blade Co. v. Seneca Cty. Bd. of Commrs.*, 120 Ohio St.3d 372, 2008-Ohio-6253, 899 N.E.2d 961, ¶ 43. The evidence submitted by Greene demonstrates that Martin has received the documents that he requested. Martin did not file a reply brief disputing this fact. We therefore deny the writ of mandamus as moot.

**{¶ 8}** That ruling does not render Martin's demand for statutory damages and court costs moot. But we deny those requests on the merits.

**{¶ 9}** A request for the production of public records is governed by the version of Ohio's Public Records Act that was in effect at the time that the request was made. *State ex rel. Kesterson v. Kent State Univ.*, __ Ohio St.3d __, 2018-Ohio-5108, __ N.E.3d __, ¶ 11, fn. 1. And under the version of R.C. 149.43(C)(2) that was in effect at the time that Martin made his public-records request, statutory damages were available only to a requester who proved by clear and convincing evidence that his written request for public records was delivered by hand or certified mail. 2016 Sub.H.B. No. 471. Because Martin has produced no evidence that his written request was delivered to Greene by hand or certified mail, we deny the request for statutory damages.

**{¶ 10}** At all times relevant to this case, court costs under the Public Records Act may be awarded when (1) a court orders the public office or official to produce the requested records, R.C. 149.43(C)(3)(a)(i), or (2) a court determines that "[t]he public office or the person responsible for the public records acted in bad faith when the office or person voluntarily made the public records available to the relator for the first time after the relator commenced the mandamus action, but before the court issued any order," R.C. 149.43(C)(3)(b)(iii). The first circumstance does not apply here. And we conclude that the evidence does not support a finding of bad faith.

**{¶ 11}** Martin made the request for his November and December bank records on or about December 15, 2017. But the facility did not even receive Martin's December bank records until January 16, 2018, the same day that Martin filed the complaint, and the facility produced those records to him eight days later. As for Martin's November bank records, the facility received those on December 13, 2017, two days before Martin submitted the records request. Although the facility took approximately four weeks to produce those records, there is no evidence that the delay was the result of bad faith. To the contrary, the facility voluntarily provided Martin the December bank records even though it believed that it had no legal obligation to do so (because it did not possess the records on the date of the request). Because Martin has produced no evidence of bad faith, we deny his request for court costs.

**{¶ 12}** Finally, we note that the exhibits and affidavit attached to Martin's complaint do not change our analysis. Martin filed his complaint eight days before the facility provided him with the responsive documents. So nothing in the complaint could speak to the issue whether the facility's document production mooted Martin's mandamus request. And we see nothing in those materials that would support his claim for statutory damages or court costs. Martin's motion to

have the attachments to his complaint accepted as evidence is therefore moot, and we deny the motion on that basis.

Writ denied.

O'CONNOR, C.J., and FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

KENNEDY, J., concurs in judgment only.

————————————

Andre Martin, pro se.

Dave Yost, Attorney General, and Thomas Madden, Andrea K. Boyd, and Christina E. Mahy, Assistant Attorneys General, for respondent.

————————————