[Cite as *State ex rel. Ware v. Andrews*, 2021-Ohio-4257.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

STATE OF OHIO ex rel.
KIMANI WARE,

           Relator,

    - v -

FAITH ANDREWS, LAKE
COUNTY CLERK OF COURTS,

          Respondent.

CASE NO. 2020-L-043

Original Action for
Writ of Mandamus

---

**P E R  C U R I A M
O P I N I O N**

Decided: December 6, 2021
Judgment: Petition denied

---

*Kimani Ware*, pro se, PID# A470-743, Trumbull Correctional Institution, 5701 Burnett Road, P.O. Box 901, Leavittsburg, OH 44430 (Relator).

*Charles E. Coulson,* Lake County Prosecutor; *Michael L. DeLeone* and *Harrison L. Crumrine*, Assistant Prosecutors, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Respondent).

PER CURIAM.

{¶1} Kimani Ware ("Relator") seeks a writ of mandamus against the Lake County Clerk of Courts ("Respondent")[1] to compel the production of public records. In addition, Relator seeks an award of statutory damages. The matter is now decisional on Relator's motion for summary judgment and Respondent's brief in response. For the reasons set

---

1. The named public officer in this original action was Maureen G. Kelly, Lake County Clerk of Courts. Pursuant to App.R. 29(C)(1), Kelly's successor, Faith Andrews, Lake County Clerk of Courts, has been automatically substituted as the named party.

forth below, we deny as moot the petition for a writ of mandamus and grant the request for statutory damages.

{¶2} Relator is an inmate at the Trumbull Correctional Institution. Relator alleges that on April 19, 2019, he submitted an envelope containing seven public records requests to Respondent by way of certified mail. "Request One" includes a request for copies of the complaint and motion to dismiss in Eleventh District Court of Appeals case number 2018-L-127, an original action initiated by another inmate incarcerated at Trumbull Correctional Institution. Also requested in "Request One" are copies of the Lake County Clerk of Courts public records policy; the roster listing (current employees) of the Lake County Clerk of Courts office; the Lake County Clerk of Courts oath of office; and the Lake County Clerk of Courts record retention schedule. Relator alleges that all seven requests were returned to him with a post-it note, stating: "Mr. Ware, We do not have any case with that # nor any case with your name on it. Did you have a different name at [sic] time?"

{¶3} At all relevant times, Maureen G. Kelly was the duly elected Lake County Clerk of Courts. In an affidavit, Kelly acknowledges receipt of "Request One," but not the other six requests, and avers the request was returned to Ware with a note seeking clarification.

{¶4} Relator further alleges that on May 14, 2019, he sent a letter to Respondent by way of regular U.S. mail, which read: "You sent all seven of my public records requests back to me, stating that there is no case with my case number [sic] or that case number, I'm re-submitting all seven of my public records requests (see the attached public records

2

requests) you wrongfully reviewed all seven of them [sic]." Kelly denies receipt of this letter. It is undisputed that Relator received no further response to his records request(s).

{¶5} Relator filed this complaint for a writ of mandamus on March 30, 2020. Copies of Relator's April 19 requests, certified mail receipts, the post-it note response, and May 14 letter are attached to his complaint, as well as his affidavit in support. Kelly directed her staff to assemble the records and her legal counsel to respond. The response letters, with copies of the requested records, were mailed to Relator on April 27 and April 28, 2020. Relator acknowledges receipt of the records on April 30, 2020. There were no documents responsive to a few of Relator's requests.

{¶6} In his motion for summary judgment, Relator states he "is now happy in all aspects in regards to his seven public records requests as the public records have been provided to him in full, even though some of the records were not provided, see exhibit #12, still relator is okay with the records that were provided." Relator continues to seek statutory damages in the amount of $1,000.00 "per public record request[.]" Respondent opposes his request for damages.

{¶7} R.C. 149.43(B)(1) requires a public office to make copies of requested public records available to the requester at cost and within a reasonable period of time. A "public record" is a record "kept by any public office." R.C. 149.43(A)(1).

{¶8} "Mandamus is an appropriate remedy to compel compliance with R.C. 149.43, Ohio's Public Records Act. To prevail on a claim for mandamus relief in a public-records case, a party must establish a clear legal right to the requested relief and a corresponding clear legal duty on the part of the respondent to provide that relief." (Internal citations omitted.) *State ex rel. Ellis v. Maple Hts. Police Dept.*, 158 Ohio St.3d

3

25, 2019-Ohio-4137, 139 N.E.3d 873, ¶ 5; R.C. 149.43(C)(1)(b). "Unlike in other mandamus cases, relators in public-records mandamus cases are not required to establish the lack of an adequate remedy in the ordinary course of law." (Citation omitted.) *State ex rel. Ullmann v. Klein*, 160 Ohio St.3d 457, 2020-Ohio-2974, 158 N.E.3d 580, ¶ 11.

{¶9} "In general, a public-records mandamus case becomes moot when the public office provides the requested records." *State ex rel. Martin v. Greene*, 156 Ohio St.3d 482, 2019-Ohio-1827, 129 N.E.3d 419, ¶ 7, citing *State ex rel. Toledo Blade Co. v. Seneca Cty. Bd. of Commrs.*, 120 Ohio St.3d 372, 2008-Ohio-6253, 899 N.E.2d 961, ¶ 43; *accord State ex rel. Martin v. Buchanan*, 152 Ohio St.3d 68, 2017-Ohio-9163, 92 N.E.3d 869, ¶ 5, quoting *State ex rel. Eubank v. McDonald*, 135 Ohio St.3d 186, 2013-Ohio-72, 985 N.E.2d 463, ¶ 1 ("'Mandamus will not lie to compel an act that has already been performed.'").

{¶10} The parties agree that the requested public records have been provided and received to Relator's satisfaction. We therefore deny the petition for a writ of mandamus as moot. That ruling does not, however, render moot Relator's demand for statutory damages. *State ex rel. Martin v. Greene* at ¶ 8.

{¶11} Even if a relator does not prevail on the mandamus claim, he or she may still qualify for an award of statutory damages. *State ex rel. McDougald v. Greene*, 161 Ohio St.3d 130, 2020-Ohio-3686, 161 N.E.3d 575, ¶ 13, citing *State ex rel. Kesterson v. Kent State Univ.*, 156 Ohio St.3d 13, 2018-Ohio-5108, 123 N.E.3d 887, ¶ 22 and *Kesterson v. Kent State Univ.*, 156 Ohio St.3d 22, 2018-Ohio-5110, 123 N.E.3d 895, ¶ 32. A request for the production of public records is governed by the version of Ohio's

4

Public Records Act that was in effect at the time that the request was made. *Kesterson*, 2018-Ohio-5108*,* at ¶ 11, fn. 1. The version in effect at the time Relator's request was made is included in 2018 Sub.H.B. No. 425, 2018 Ohio Laws 171.

{¶12} A requester of public records "shall be entitled to recover the amount of statutory damages set forth in this division" if the requester made the request in writing by hand delivery, electronic submission, or certified mail; the request fairly describes the public record or class of public records; and the public office failed to comply with an obligation in accordance with division (B) of this section. R.C. 149.43(C)(2); *accord State ex rel. McDougald v. Greene* at ¶ 14 and *State ex rel. Rogers v. Dept. of Rehab. & Corr.*, 155 Ohio St.3d 545, 2018-Ohio-5111, 122 N.E.3d 1208, ¶ 23.

{¶13} "The amount of statutory damages shall be fixed at one hundred dollars for each business day during which the public office or person responsible for the requested public records failed to comply with an obligation in accordance with division (B) of this section, beginning with the day on which the requester files a mandamus action to recover statutory damages, up to a maximum of one thousand dollars." R.C. 149.43(C)(2). "The award of statutory damages shall not be construed as a penalty, but as compensation for injury arising from lost use of the requested information. The existence of this injury shall be conclusively presumed." *Id.*; *see also State ex rel. Walker v. Clark*, 144 Ohio St. 305, 311, 58 N.E.2d 773 (1944) (defining "conclusive presumption" as "an inference which the law makes so peremptory that it may not be overcome by any contrary proof, however strong").

{¶14} "The court may reduce an award of statutory damages or not award statutory damages" if two conditions are satisfied under R.C. 149.43(C)(2). The court

5

must determine that (1) based on the ordinary application of statutory law and case law as it existed at the time of the conduct, a well-informed public office reasonably would believe that the conduct of the public office did not constitute a failure to comply with an obligation under R.C. 149.43(B), *and* (2) a well-informed public office reasonably would believe that the conduct of the public office would serve the public policy that underlies the authority that is asserted as permitting that conduct. R.C. 149.43(C)(2)(a)-(b). *Accord Rogers* at ¶ 24; *Kesterson,* 2018-Ohio-5108, at ¶ 21; and *State ex rel. Carr v. London Corr. Inst.,* 144 Ohio St.3d 211, 2015-Ohio-2363, 41 N.E.3d 1203, ¶ 41.

{¶15} Relator provided evidentiary materials demonstrating that he delivered to Respondent by certified mail a written request fairly describing the public records requested. Respondent does not dispute this fact. Relator also demonstrated that Respondent failed to comply with the obligation in R.C. 149.43(B)(1) to provide copies of requested public records within a reasonable period of time. Even assuming Respondent only received "Request One," and not Relator's other six requests, the documents requested in "Request One" were not provided to Relator until 365 days after his initial request. Respondent does not dispute this fact and does not contend that this was a reasonable period of time. Therefore, Relator is entitled to summary judgment on the issue of statutory damages.

{¶16} Relator's request is for an award of $1,000.00 for each of his seven records requests. Respondent responds that Relator's award should be limited to a total of $1,000.00. We agree. Relator's requests, while listed separately on seven sheets of paper, were all delivered at the same time in one certified mailing. R.C. 149.43 "does not permit stacking of statutory damages based on what is essentially the same records

6

request. No windfall is conferred by the statute." *State ex rel. Dehler v. Kelly*, 127 Ohio St.3d 309, 2010-Ohio-5724, 939 N.E.2d 828, ¶ 4, citing R.C. 149.43(C)(2); *accord State ex rel. Ware v. Akron*, 164 Ohio St.3d 557, 2021-Ohio-624, 174 N.E.3d 724, ¶ 22.

{¶17} We further decline to reduce Relator's statutory damages award, as the condition in R.C. 149.43(C)(2)(a) has not been satisfied. This court would have to conclude that based on the ordinary application of statutory and case law as it existed at the time of Respondent's failure to produce the records, a well-informed public office or person responsible for the requested public records reasonably would believe that the failure to produce the records did not constitute a failure to comply with the obligation of R.C. 149.43(B)(1) to produce copies of the records within a reasonable period of time.

{¶18} Respondent contends that a well-informed clerk of courts reasonably would believe that seeking clarification to ensure the requester received the correct records would not constitute a failure to comply with the obligations of R.C. 149.43(B)(1) because (B)(2) permits a public office to deny a request that is ambiguous or overly broad, which serves the public policy of allowing the public office to reasonably identify what public records are being requested.

{¶19} None of the evidentiary materials provided to this court demonstrate that Relator's requests were ambiguous or overly broad. In fact, when Respondent responded to Relator's requests in light of this mandamus action, the only reason listed for not providing a requested record was that "there are no documents responsive to this request." There is no mention of an ambiguous or overly broad request. The documents from case number 2018-L-127, which were requested in Relator's "Request One"—the only request Kelly acknowledges having received in April 2019—were provided to Relator

7

without issue and to his satisfaction.

{¶20}  More importantly, Relator requested four other records in "Request One" unrelated to case number 2018-L-127, to wit: the clerk of courts' public records policy, a roster listing of current employees, the clerk of courts' oath of office, and the clerk of courts' record retention schedule.  There is no identifiable or provided explanation as to why those four records were not produced upon request, even assuming there was confusion or concern with the request for 2018-L-127 documents.

{¶21}  Therefore, this court determines that the reduction factors in R.C. 149.43(C)(2) have not been satisfied.  Statutory damages must be awarded at a rate of $100.00 per business day measured from the filing of the mandamus complaint until the production of records sought.  As more than ten days passed between those two dates, we award Relator the statutory maximum of $1,000.00 in statutory damages.  *See, e.g., Carr*, 2015-Ohio-2363, at ¶ 44; *see also State ex rel. Moore v. Montgomery Cty. Clerk of Courts*, 2d Dist. Montgomery No. 24937, 2012-Ohio-5782, ¶ 13 ("we must presume that Respondent's non-compliance caused an injury to [Relator]").

{¶22}  Relator's motion for summary judgment is granted in part and denied in part. The petition for a writ of mandamus is denied as moot.  The request for statutory damages is granted.


CYNTHIA WESTCOTT RICE, J., THOMAS R. WRIGHT, J., MATT LYNCH, J., concur.

Case No. 2020-L-043