[Cite as *Sylvia ex rel. v. State*, 2023-Ohio-1393.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


JOHN SYLVIA ex rel.

    Relator

-vs-

STATE OF OHIO, (ODRC) OFFICE OF
CHIEF INSPECTOR, (MARC
BRATTON)

    Respondents

JUDGES:
Hon. W. Scott Gwin, P.J.
Hon. William B. Hoffman, J.
Hon. John W. Wise, J.

Case No. 2022 CA 0072


O P I N I O N


CHARACTER OF PROCEEDING:      Writ of Mandamus


JUDGMENT:      Granted


DATE OF JUDGMENT ENTRY:      April 27, 2023


APPEARANCES:

For Relator

JOHN SYLVIA
PRO SE
244 West Fifth Street
Mansfield, Ohio 44902

For Respondents

DAVE YOST
OHIO ATTORNEY GENERAL
GEORGE HORVATH
SENIOR ASST. ATTORNEY GENERAL
30 East Broad Street, 23rd Floor
Columbus, Ohio 43215

*Wise, J.*

{¶1}    On October 18, 2022, John Sylvia filed a Complaint for Writ of Mandamus against Respondents state of Ohio, (ODRC)[1] and Office of Chief Inspector, (Marc Bratton). Sylvia seeks to compel ODRC and Inspector Bratton to provide documents in response to a public-records request. We grant Sylvia's Complaint for Writ of Mandamus, Motion for Summary Judgment, and award him court costs in this matter. We deny his request for statutory damages.

## I.    Background

{¶2}    Sylvia alleges he made a formal public-records request to ODRC and Chief Inspector (Bratton) dated May 22, 2022. He further alleges the Chief Inspector's Office breached its duty to respond within a reasonable time and that it did so in bad faith. Sylvia waited approximately five months from the date of his request and thereafter commenced this mandamus action.

{¶3}    In response to the filing of the writ, the Ohio Attorney General's Office, on behalf of Bratton, filed a Motion to Dismiss on November 22, 2022. We denied the motion on December 13, 2022. Bratton filed his Answer and Affirmative Defenses on December 28, 2022. The Court thereafter issued a Judgment Entry for the submission of evidence and merit briefs. *See* Judgment Entry, Dec. 13, 2022.

{¶4}    On February 13, 2023, Sylvia filed a Motion for Summary Judgment. He did not file any additional evidence other than the pleadings already contained in the record. Bratton filed evidence on February 16, 2023. Thereafter, on March 13, 2023, Bratton filed

---

[1] Under R.C. 2731.01, the state of Ohio is not a proper party against whom a writ of mandamus may issue. *State ex rel. Jackson v. Lucas Cty.*, 6th Dist. Lucas No. L-96-049, 1996 WL 171550, *1 (Mar. 5, 1996).

a brief in Opposition to Relator's Motion for Summary Judgment and, on this same date, an Amended Respondents' Opposition to Relator's Motion for Summary Judgment to Correct Certificate of Service.

**II. Analysis**

*A.    Mandamus elements and summary judgment standard*

{¶5}    Ohio's Public Records Act requires a public office to make copies of public records available to any person on request and within a reasonable period of time. R.C. 149.43(B)(1). *State ex rel. McDougald v. Greene*, 161 Ohio St.3d 130, 2020-Ohio-3686, 161 N.E.3d 575, ¶ 9. The Ohio Supreme Court construes the Public Records Act " 'liberally in favor of broad access' " to public records. *State ex rel. Cincinnati Enquirer v. Hamilton Cty.*, 75 Ohio St.3d 374, 376, 662 N.E.2d 334 (1996).

{¶6}    Under R.C. 149.43(C)(1)(b), a mandamus action is the remedy for a person denied access to a public record. "To prevail on a claim for mandamus relief in a public-records case, a party must establish a clear legal right to the requested relief and a corresponding clear legal duty on the part of the respondents to provide that relief." *State ex rel. Penland v. Ohio Dept. of Rehabilitation and Correction*, 158 Ohio St.3d 15, 2019-Ohio-4130, 139 N.E.3d 862, ¶ 9, citing *State ex rel. Am. Civ. Liberties Union of Ohio, Inc., v. Cuyahoga Cty. Bd. of Commers.*, 128 Ohio St.3d 256, 2011-Ohio-625, 943 N.E.2d 553, ¶ 22-24.

{¶7}    Further, we are deciding this matter on summary judgment. A court may grant summary judgment under Civ.R. 56 if it determines: (1) no genuine issues as to any material fact remain to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one

conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977). The record on summary judgment must be viewed in the light most favorable to the party opposing the motion. *Williams v. First United Church of Christ*, 37 Ohio St.2d 150, 151, 309 N.E.2d 924 (1974).

{¶8} The moving party bears the initial responsibility of identifying the basis for the motion and those portions of the record that demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). Once the moving party has met the burden, the nonmoving party then has a reciprocal burden of specificity and cannot rest on the allegations or denials in the pleadings, but must set forth "specific facts" by the means listed in Civ.R. 56(C) showing that a "triable issue of fact exists." *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115, 526 N.E.2d 798 (1988).

{¶9} No party is required to submit affidavits to support a motion for summary judgment. *Dresher* at 298. However, "[t]here is a requirement * * * that a moving party, in support of a summary judgment motion, specifically point to something in the record that comports with the evidentiary materials set forth in Civ.R. 56(C)." *Id*. If the moving party satisfies this burden, "the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts [by affidavit or as otherwise provided in Civ.R. 56(C)] showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." *Id*. at 293.

*B. Sylvia's public-records request*

{¶10} Sylvia filed this writ to compel the Office of Chief Inspector, Marc Bratton, to respond to his public records request. Sylvia requested the following information:

{¶11} I AM REQUESTING "ANY AND ALL DOCUMENTATION IN THE DECISION THAT WAS MADE BY THE OFFICE OF THE CHIEF INSPECTOR OFFICE. "INCLUDING CAMERA FOOTAGE THAT WAS REVIEWED, STATEMENTS THAT WAS (SIC) DERIVED BY THE INSPECTOR {K. ROSE} AT (RICHLAND COUNTY), AND DOCUMENTATION THAT WAS DERIVED FROM THE INMATE APPEAL TO THE OFFICE OF CHIEF INSPECTOR(S), {AND ANY AND ALL DOCUMENTATION THAT WAS HELD IN REGARDS TO REVISED CODE [149.43] THAT THE DEPARTMENT LISTS AS EXEMPT FOR DISCLOSURE [TO BE RULED ON IN THE COURTS UNDER INCAMERA (SIC) INSPECTION] * * *

{¶12} (Emphasis added.)

{¶13} In his Answer and Affirmative Defenses, Bratton completely denies any allegations contained in Sylvia's section of his Complaint for Writ of Mandamus titled "Statement of Facts." It is in that section where Sylvia alleges that he made a public-records request upon the state of Ohio (ODRC) and Office of the Chief Inspector (Marc Bratton). In his affirmative defenses, Bratton does not allege that he was not served with the public-records request and he does not allege that he responded to Sylvia's request.

{¶14} In fact, it remains uncertain to the Court whether Sylvia ever received any documents from Bratton. The only documents that appear to be responsive to Sylvia's public-records request were filed by Bratton on February 16, 2023, as "Respondent's Evidence." The cover page of Respondent's Evidence acknowledges Sylvia filed a

summary judgment motion on February 13, 2023, but that Bratton had not been served with a copy of the motion or any of Sylvia's evidence. We reviewed Respondent's Evidence and it appears to be documents responsive to Sylvia's public-records request.

{¶15}  Thereafter, on March 13, 2023, Bratton filed a brief in opposition to Sylvia's Motion for Summary Judgment and an amended response on this same date to correct the Certificate of Service. No Civ.R. 56(C) evidence was submitted by Bratton in support of his opposition to Sylvia's motion.

*C. Sylvia is entitled to summary judgment*

{¶16}  The first issue we must address is Sylvia's summary judgment motion. Sylvia moved for summary judgment in response to the Court's Judgment Entry that gave the parties an opportunity to file merit briefs after they filed their stipulations/agreed statement of facts/additional evidence. In support of his summary judgment motion, Sylvia referenced pleadings – specifically, his Complaint for Writ of Mandamus.

{¶17}  Bratton did not move to strike Sylvia's summary judgment motion and instead, filed evidence three days later and opposed Sylvia's motion in writing. We find Sylvia is entitled to summary judgment for the following reasons. First, Sylvia supported his summary judgment motion citing Civ.R. 56(C) evidence, namely the pleadings that he filed in support of his writ. In his motion, Sylvia referenced his Complaint and asserted he was entitled to the relief sought in his Original Action of Mandamus. Civ.R. 56(C) states, "[s]ummary judgment shall be rendered forthwith if the *pleadings*, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of

law. No evidence or stipulation may be considered except as stated in this rule." (Emphasis added.)

{¶18} Second, even though Bratton responded and opposed Sylvia's summary judgment motion, he attached no Civ.R. 56(C) evidence to support his response. The evidence he submitted is not sworn, certified or authenticated by way of an affidavit. Such evidence has no evidentiary value and shall not be considered by this Court. *See State ex rel. Shumway v. Ohio State Teachers Retirement Bd.*, 114 Ohio App.3d 280, 287, 683 N.E.2d 70 (10th Dist.1996), citing *Mitchell v. Ross*, 14 Ohio App.3d 75, 470 N.E.2d 245 (8th Dist.1984). The evidentiary materials could have been considered had they been incorporated by reference in a properly framed affidavit but that did not occur here. *Graf v. City of Nelsonville*, 4th Dist. Athens No. 18CA28, 2019-Ohio-2386, citing *Thompson v. Hayes*, 10th Dist. Franklin No. 05AP-476, 2006-Ohio-6000, ¶103.

{¶19} For these reasons, we grant Sylvia's summary judgment motion and find he is entitled to the public records requested in his public-records request dated May 22, 2022.

*D. Sylvia is not entitled to statutory damages*

{¶20} Sylvia requests statutory damages under R.C. 149.43(C)(2). The version of this statute in effect at the time Sylvia made his records request applies. *State ex rel. Cordell v. Paden*, 156 Ohio St.3d 394, 2019-Ohio-1216, 128 N.E.3d 179, ¶ 11, citing *State ex rel. Kesterson v. Kent State Univ.*, 156 Ohio St.3d 13, 2018-Ohio-5108, 123 N.E.3d 887, ¶ 11, fn. 1. Sylvia made his public records request on May 22, 2022. The effective date of the applicable statute was April 29, 2022.

{¶21} Under this version of the statute, a person requesting public records is entitled to an award of statutory damages "if a court determines that the public office or the person responsible for public records failed to comply with an obligation in accordance with division (B) of this section." R.C. 149.43(C)(2). The statutory amount is $100 per business day during which the official failed to comply with an obligation under R.C. 149.43(B), up to a maximum of $1,000. *Id.*

{¶22} However, even if a writ of mandamus issues, statutory damages may not be available. R.C. 149.43(C)(2) designates the methods by which a public-records request must be transmitted in order for a requester to qualify for statutory damages. In May 2022, when Sylvia sent his public-records request, a requester qualified for statutory damages only if he or she transmitted "a written request by hand delivery, electronic submission, or certified mail to inspect or receive copies of any public record * * *" R.C. 149.43(C)(2). "A requester who fails to prove that delivery was accomplished by one of the authorized methods in ineligible for statutory damages (although the public-records request itself is valid.) *State ex rel. Summers v. Fox*, 164 Ohio St.3d 583, 2021-Ohio-2061, 174 N.E.3d 747, ¶ 22. "A requester seeking statutory damages must prove the method of delivery by clear and convincing evidence." *Id.*, *see also State ex rel. Martin v. Greene*, 156 Ohio St.3d 482, 2019-Ohio-1827, 129 N.E.3d 419, ¶ 9.

{¶23} Here, there is no clear and convincing evidence in the record indicating Sylvia sent his public-records request by hand delivery, electronic submission or certified mail. Because Sylvia's May 22, 2022 letter did not comply with the request requirements contained in R.C. 149.43(C)(2), he is not entitled to an award of statutory damages.

*E. Sylvia is entitled to an award of court costs.*

{¶24} We award Sylvia court costs in this matter. "An award of court costs is mandatory in a public-record case when the court grants a writ of mandamus compelling a public office to comply with its duties under the Public Records Act." R.C. 149.43(C)(3)(a)(i); *Summers* at ¶ 10, citing *State ex rel. Hedenberg v. N. Cent. Corr. Complex*, 162 Ohio St.3d 85, 2020-Ohio-3815, 164 N.E.3d 358, ¶ 13.

### III.  Conclusion

{¶25} For the foregoing reasons, we grant Sylvia's Complaint for Writ of Mandamus and Motion for Summary Judgment. Respondent Bratton shall produce those public records Sylvia is entitled to receive under his public-records request dated May 22, 2022. We deny Sylvia's request for statutory damages and award him court costs.

{¶26} The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

{¶27} COMPLAINT FOR WRIT OF MANDAMUS IS GRANTED.

{¶28} RELATOR'S MOTION FOR SUMMARY JUDGMENT IS GRANTED.

{¶29} RELATOR'S REQUEST FOR STATUTORY DAMAGES IS DENIED.

{¶30} RELATOR IS AWARDED COURT COSTS.

{¶31} IT IS SO ORDERED.

By: Wise, J.

Gwin, P. J., and

Hoffman, J., concur.

JWW/ac 0920