[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Clark v. Dept. of Rehab. & Corr.,* Slip Opinion No. 2024-Ohio-770.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-770

THE STATE EX REL. CLARK *v.* DEPARTMENT OF REHABILITATION AND CORRECTION.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Clark v. Dept. of Rehab. & Corr.,* Slip Opinion No. 2024-Ohio-770.]**

*Mandamus—Public-records requests—R.C. 149.43—Requested records provided—Relator showed that respondent failed for 11 business days, starting with day relator filed mandamus action, to comply with its obligations under R.C. 149.43(B) to produce requested records—Writ denied as moot, $1,000 in statutory damages awarded, and request for court costs denied.*

(No. 2023-0387—Submitted January 9, 2024—Decided March 6, 2024.)

IN MANDAMUS.

_____

**Per Curiam.**

{¶ 1} Relator, Thomas Clark, brought this original action under Ohio's Public Records Act, R.C. 149.43, seeking a writ of mandamus ordering respondent, the Ohio Department of Rehabilitation and Correction ("ODRC"), to produce

public records in response to a public-records request. He also seeks awards of statutory damages and court costs. We deny the writ as moot, award Clark $1,000 in statutory damages, and decline to award court costs.

## I. BACKGROUND

{¶ 2} Clark is currently incarcerated at the Lebanon Correctional Institution. On September 8, 2022, Clark sent an electronic kite through the prison's "JPay" system to Ron Watts, a commissary and cashier supervisor at the Lebanon Correctional Institution. Clark wrote that he was making a "formal public records request" and requested that Watts "[p]lease forward [to Clark] an up-to-date paper copy of the commissary price list for each commissary window (Window one; Window two; and Window three)." Clark offered to pay for the copies. On September 12, Watts responded, writing that "[t]hese were put on J Pay so you can get pricing there." Later that day, Clark replied, writing that he had requested paper copies of the price lists and again asked that Watts send him the copies. Watts wrote back that "[t]he list is being sent back out through J Pay."

{¶ 3} On September 13, Clark submitted a grievance regarding Watts not providing paper copies of the price lists and Clark again requested the copies. On September 16, Inspector Devin Hoover responded to Clark's grievance, writing that he had investigated the grievance and "found no policies being violated." Hoover, however, granted the grievance and wrote that he would "provide [Clark] with the most up to date price listing."

{¶ 4} Despite Hoover's statement that he would provide Clark with the "price listing," Clark states that he was not provided paper copies of the price lists, and on September 26, Clark appealed Hoover's decision regarding the grievance to the office of the chief inspector. In his appeal, Clark wrote that although he had received an electronic copy of the price lists, he had still not received paper copies. He also wrote that he wanted paper copies because he intended to give them to a third-party and that he could not print the electronic copy of the price lists from the

JPay system, because JPay messages did not format correctly when printed. Marc Bratton from the office of the chief inspector responded to Clark, notifying him that because Hoover had granted Clark's grievance, the concerns Clark raised in his appeal did not qualify for an appeal. Bratton wrote that Clark "may resubmit [his] request in an electronic kite to the warden's assistant." As of the date Clark filed his mandamus petition in this court, he had not received paper copies of the price lists.

{¶ 5} On March 20, 2023, Clark filed this mandamus action. He seeks a writ of mandamus ordering ODRC to provide him with copies of the requested records and awards of statutory damages and court costs. We granted an alternative writ ordering ODRC to file an answer to the petition and scheduling the submission of evidence and briefs. 170 Ohio St.3d 1488, 2023-Ohio-2348, 212 N.E.3d 933. ODRC filed an answer and submitted as evidence an affidavit from a warden's assistant. The warden's assistant avers that on April 4, she provided paper copies of the price lists to Clark, and she attached copies of the price lists to her affidavit. Clark agrees that he received paper copies of the price lists on April 4, but he argues that the price lists are now out of date because they show prices from August 2022.

## II. LEGAL ANALYSIS

### A. Writ of mandamus

{¶ 6} "[U]pon request by any person, a public office or person responsible for public records shall make copies of the requested public record available to the requester at cost and within a reasonable period of time." R.C. 149.43(B)(1). Mandamus is an appropriate remedy to compel compliance with the Public Records Act. *See* R.C. 149.43(C)(1)(b). To be entitled to a writ of mandamus, Clark must prove, by clear and convincing evidence, that he has a clear legal right to the relief sought and that ODRC has a clear legal duty to provide that relief. *State ex rel. Cincinnati Enquirer v. Sage*, 142 Ohio St.3d 392, 2015-Ohio-974, 31 N.E.3d 616, ¶ 10.

**{¶ 7}** Because ODRC has now provided Clark with the requested records, we deny Clark's claim for a writ of mandamus as moot. *See State ex rel. Martin v. Greene*, 156 Ohio St.3d 482, 2019-Ohio-1827, 129 N.E.3d 419, ¶ 7 ("In general, a public-records mandamus case becomes moot when the public office provides the requested records").

**{¶ 8}** Clark argues that his mandamus claim is not moot, because he requested "up-to-date" paper copies of the price lists, and when ODRC provided him with the price lists in April 2023, the copies—which are dated August 27, 2022—were already out of date. But the scope of Clark's public-records request must be understood at the time he sent it. Clark made his request for records in September 2022, and the copies ODRC provided are current as of that date. If newer price lists exist and Clark wants them, he may make a new request for them. *See Ryan v. Ashtabula*, Ct. of Cl. Nos. 2022-00660PQ, 2022-00665PQ, 2022-00680PQ, 2023-Ohio-621, ¶ 11 ("A requester's right to judicial relief is fixed by the scope of the request pending when the case is filed").

**{¶ 9}** However, Clark's demands for statutory damages and court costs are not moot. *See Martin* at ¶ 7-8.

## B. *Statutory damages*

**{¶ 10}** Clark seeks an award of statutory damages. We award him $1,000 in statutory damages.

**{¶ 11}** Statutory damages shall be awarded if a public-records requester transmits a written request by hand delivery, electronic submission, or certified mail and the public office or person responsible for the records fails to comply with any obligation under R.C. 149.43(B). R.C. 149.43(C)(2). Clark submitted his public-records request through the prison's electronic-kite system, which constitutes electronic submission for purposes of R.C. 149.43(C)(2). *See State ex rel. Griffin v. Sehlmeyer*, 165 Ohio St.3d 315, 2021-Ohio-1419, 179 N.E.3d 60, ¶ 21. Clark is entitled to request paper copies of public records, *see* R.C. 149.43(B)(6), and

ODRC is required to promptly provide those copies, *see* R.C. 149.43(B)(1). ODRC did not do so here. Thus, absent some other reason why statutory damages should not be awarded, Clark is entitled to statutory damages.

{¶ 12} ODRC makes several arguments regarding why Clark is not entitled to statutory damages. ODRC first argues that the commissary price lists are not public records, because they do not meet the definition of records, which are defined as "any document" that "serves to document the organization, functions, policies, decisions, procedures, operations, or other activities of the office," R.C. 149.011(G). The price lists, however, do document "the organization, functions, policies, decisions, procedures, operations, or other activities" of ODRC—the price lists document the amount that ODRC charges inmates for commissary items. The price lists are therefore records as defined by R.C. 149.011(G).

{¶ 13} ODRC also argues that Clark's public-records request was for information, not specific records. *See State ex rel. Morgan v. New Lexington*, 112 Ohio St.3d 33, 2006-Ohio-6365, 857 N.E.2d 1208, ¶ 30 (requests for information are improper public-records requests). Clark, however, requested "an up-to-date paper copy of the commissary price list for each commissary window." ODRC previously distributed an electronic copy of the price lists to Clark and has since provided paper copies of the price lists to Clark. It follows that Clark requested records, not information.

{¶ 14} ODRC also argues that Clark did not make his public-records request to the correct records custodian, who ODRC asserts is a warden's assistant who serves as the prison's public-information officer. The statute, however, requires a requester to transmit the public-records request to the "public office or person responsible for the requested public records." R.C. 149.43(C)(2). This is not an instance in which the requester transmitted the request to an employee or department whose duties did not include maintaining the requested records. The electronic correspondence that Clark submitted shows that the commissary

department maintains and sends out the price lists. And when Clark resubmitted his request as part of his grievance, Inspector Hoover granted the grievance and stated that he would provide Clark the price lists and then failed to do so.

{¶ 15} Finally, ODRC argues that statutory damages should be denied because it believes that Clark made his public-records request with the specific desire that the request be denied. In support, it cites *Rhodes v. New Philadelphia*, 129 Ohio St.3d 304, 2011-Ohio-3279, 951 N.E.2d 782, ¶ 27, in which we stated that "[w]hen a party requests access to public records with the specific desire for access to be denied, it cannot be said that the party is using the request in order to access public records; he is only feigning that intent." *Rhodes*, however, involved a civil action filed by a public-records requester under R.C. 149.351 alleging a city's improper destruction of public records. *Id.* at ¶ 13. But "*Rhodes* * * * is not apposite to a claim for statutory damages under R.C. 149.43(C)(1)." *State ex rel. DiFranco v. S. Euclid*, 138 Ohio St.3d 367, 2014-Ohio-538, 7 N.E.3d 1136, ¶ 27, *superseded by statute on other grounds as stated in State ex rel. Cincinnati Enquirer v. Cincinnati*, 157 Ohio St.3d 290, 2019-Ohio-3876, 135 N.E.3d 772, ¶ 12. "The statutory language leaves no room for a determination that damages may be denied based on an inquiry into the requester's state of mind." *Id.* Moreover, ODRC has submitted no evidence showing that Clark desired that his request be denied. *See State ex rel. Straughter v. Dept. of Rehab. & Corr.*, 172 Ohio St.3d 335, 2023-Ohio-1543, 223 N.E.3d 475, ¶ 13.

{¶ 16} Statutory damages are set at $100 per day for each business day the public office failed to comply with its obligations, starting with the day the requester filed the mandamus action, with a maximum award of $1,000. R.C. 149.43(C)(2). Clark filed this mandamus action on March 20, 2023, and ODRC provided the records to him on April 4, meaning that he is entitled to the maximum $1,000 in statutory damages under R.C. 149.43(C)(2) for the 11 business days that ODRC failed to comply with its obligations.

**{¶ 17}** For his part, Clark argues that he should be awarded $12,000 in statutory damages, not $1,000. He argues that he requested three separate documents—the price lists for three different commissary windows. He also argues that each of his four kites constitutes a separate request—his September 8 kite to the commissary, his September 12 kite to the commissary, his September 13 kite filing a grievance, and his September 26 kite filing an appeal regarding his grievance. He therefore argues that ODRC denied 12 separate public-records requests. Clark is wrong. His September 8 kite requested a single category of records. He is entitled to a maximum of $1,000 in statutory damages for that request. *See State ex rel. Ware v. Parikh*, 172 Ohio St.3d 49, 2023-Ohio-2536, 221 N.E.3d 835, ¶ 31 (requester that made multiple requests to the same public office on the same day that "concerned the same general subject matter" was entitled to a single statutory-damages award). Moreover, his follow-up kites, which all involved correspondence related to the same original public-records request, were not new requests. *See State ex rel. Fluty v. Raiff*, 172 Ohio St.3d 542, 2023-Ohio-3285, 225 N.E.3d 938, ¶ 40 (follow-up email regarding a public-records request was not a new request). "R.C. 149.43(C)(1) 'does not permit stacking of statutory damages based on what is essentially the same records request.' " *State ex rel. Ware v. Akron*, 164 Ohio St.3d 557, 2021-Ohio-624, 174 N.E.3d 724, ¶ 22, quoting *State ex rel. Dehler v. Kelly*, 127 Ohio St.3d 309, 2010-Ohio-5724, 939 N.E.2d 828, ¶ 4. Clark is entitled to $1,000 in statutory damages, which we award.

### C. Court costs

**{¶ 18}** Clark also seeks an award of court costs.

**{¶ 19}** An award of court costs is mandatory if this court orders ODRC to comply with R.C. 149.43(B). R.C. 149.43(C)(3)(a)(i); *accord State ex rel. Atakpu v. Shuler*, 172 Ohio St.3d 18, 2023-Ohio-2266, 221 N.E.3d 808, ¶ 20. Because we deny Clark's claim for a writ of mandamus as moot, Clark is not entitled to court costs under R.C. 149.43(C)(3)(a)(i).

**{¶ 20}** In addition, court costs are mandatory if this court determines that ODRC acted in bad faith when it provided the records to Clark after he filed his mandamus action but before this court ordered it to do so. R.C. 149.43(C)(3)(a)(ii); *accord Atakpu* at ¶ 22. "The term 'bad faith' generally implies something more than bad judgment or negligence." (Cleaned up.) *State ex rel. McDougald v. Greene*, 161 Ohio St.3d 130, 2020-Ohio-3686, 161 N.E.3d 575, ¶ 26. It "imports a dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive or ill will partaking of the nature of fraud. It also embraces actual intent to mislead or deceive another." (Cleaned up.) *Id.*

**{¶ 21}** Clark attempted multiple times to resolve his public-records request through the prison's internal procedures before he filed this action. But he has not shown by clear and convincing evidence that ODRC intentionally misled or deceived him or otherwise acted with bad faith. We therefore deny Clark's request for court costs.

### III. CONCLUSION

**{¶ 22}** Because ODRC has already provided Clark with the records he had requested, we deny his claim for a writ of mandamus as moot. We award Clark $1,000 in statutory damages. And we decline to award court costs.

Writ denied.

KENNEDY, C.J., and DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

FISCHER, J., concurs in part and dissents in part and would not award statutory damages.

―――――――――――

Thomas Clark, pro se.

Dave Yost, Attorney General, and George Horváth, Assistant Attorney General, for respondent.

―――――――――――