[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Barr v. Wesson,* Slip Opinion No. 2023-Ohio-3645.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

Slip Opinion No. 2023-Ohio-3645

THE STATE EX REL. BARR *v*. WESSON.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Barr v. Wesson,* Slip Opinion No. 2023-Ohio-3645.]

*Mandamus—Public-records request—R.C. 149.43—Warden's assistant provided record in response to inmate's public-records request and claimed that other records did not exist—Inmate met burden by clear and convincing evidence that one requested record warden's assistant did not produce existed at one time—Warden's assistant ordered to provide requested record or show cause why record cannot be produced—Limited writ granted.*

(No. 2023-0113—Submitted August 22, 2023—Decided October 10, 2023.)

IN MANDAMUS.

————————————

**Per Curiam.**

{¶ 1} Relator, Harry M. Barr, filed this action for a writ of mandamus to order respondent, James Wesson, the warden's assistant at the Grafton Correctional Institution ("GCI"), to produce records in response to a December 2022 public-

records request in which Barr sought copies of three documents. Barr also seeks statutory damages under Ohio's Public Records Act, R.C. 149.43, and has moved to strike the evidence that Wesson submitted in this case.

**{¶ 2}** Wesson avers that he responded fully to the public-records request before Barr commenced this action. Specifically, he claims that he provided a copy of one of the requested records but says the other two do not exist. Barr, however, has shown by clear and convincing evidence that one of the records that Wesson did not produce—a copy of an electronic kite—did, in fact, exist at one time. We therefore grant a limited writ ordering Wesson to provide a copy of the kite or show cause why the record cannot be produced. We defer our consideration of Barr's request for statutory damages until Wesson has complied with the limited writ, and we deny Barr's motion to strike.

## I. FACTUAL AND PROCEDURAL BACKGROUND

**{¶ 3}** Barr is an inmate at GCI. On December 5, 2022, Barr sent a public-records request by electronic kite to Wesson, the person in charge of responding to public-records requests submitted to GCI. Barr requested three records: (1) the "GCI record-retention schedule," (2) a list of all GCI employees, and (3) a "mental health kite" dated April 21, 2022, with reference number GCI0422002492.

**{¶ 4}** Barr commenced this action on January 27, 2023, seeking a writ of mandamus ordering Wesson to provide the requested records and an award of statutory damages under R.C. 149.43(C)(2). Wesson filed an answer, asserting that Barr was not entitled to relief. This court granted an alternative writ and set a schedule for the submission of evidence and briefing. 169 Ohio St.3d 1484, 2023-Ohio-1116, 206 N.E.3d 724.

**{¶ 5}** Barr and Wesson filed evidence, but only Barr filed a merit brief. Barr submitted an affidavit in which he asserts that as of April 13, 2023, the date he signed his affidavit, he had not received any of the records he requested or an explanation regarding why the records were not made available to him.

**{¶ 6}** Wesson also submitted an affidavit as evidence in this case. In that affidavit, Wesson claims that he provided the requested employee list to Barr but did not provide the other two requested records. Wesson says he informed Barr on December 23, 2022, that GCI records did not include the mental-health kite that Barr sought in his public-records request. Wesson also says that he did not provide a "GCI record-retention schedule" because no such record existed and that GCI follows the record-retention schedule of the Ohio Department of Rehabilitation and Correction ("DRC") and does not have its own, institution-specific schedule.

**{¶ 7}** After Wesson's time for filing his merit brief had expired, Barr filed a motion to strike Wesson's affidavit, arguing that Wesson's affidavit was "fraudulent." To rebut the averments in Wesson's affidavit, Barr attached to his motion to strike an affidavit and exhibits. Wesson did not respond to Barr's motion to strike.

## II. ANALYSIS

### A. Motion to Strike

**{¶ 8}** Barr moves to strike Wesson's evidence and to sanction Wesson. He claims that Wesson "fraudulently" testified that the "mental health kite" Barr requested does not exist. Barr's motion further asserts that he did not receive the requested list of all GCI employees until May 10, 2023. Barr argues that Wesson's testimony is false and unsupported by other evidence of record.

**{¶ 9}** We deny the motion to strike. Barr's argument goes to the weight of the evidence, not its admissibility. In an original action, "we are capable of determining questions of relevance and assigning appropriate weight without striking evidence or arguments." *State ex rel. Tam O'Shanter Co. v. Stark Cty. Bd. of Elections*, 151 Ohio St.3d 134, 2017-Ohio-8167, 86 N.E.3d 332, ¶ 11.

### B. Mandamus Claim

**{¶ 10}** Ohio's Public Records Act requires a public office to make copies of public records available to any person upon request within a reasonable time.

R.C. 149.43(B)(1). Mandamus is an appropriate remedy to compel compliance with the Public Records Act. R.C. 149.43(C)(1)(b); *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees*, 108 Ohio St.3d 288, 2006-Ohio-903, 843 N.E.2d 174, ¶ 6. To be entitled to the writ, Barr must prove by clear and convincing evidence that the records he requested exist and are public records maintained by Wesson. *State ex rel. Cordell v. Paden*, 156 Ohio St.3d 394, 2019-Ohio-1216, 128 N.E.3d 179, ¶ 8. Clear and convincing evidence is a measure or degree of proof that is more than a preponderance of the evidence but less than the beyond-a-reasonable-doubt standard required in a criminal case, and that produces in the trier of fact's mind a firm belief of the fact sought to be established. *State ex rel. Miller v. Ohio State Hwy. Patrol*, 136 Ohio St.3d 350, 2013-Ohio-3720, 995 N.E.2d 1175, ¶ 14.

{¶ 11} Barr argues that Wesson failed to respond *at all* to his public-records request before Barr commenced this action. For his part, Wesson submitted an affidavit attesting that he did, in fact, respond to Barr's request. Wesson testifies that he provided a complete list of all GCI employees, as Barr requested, and that he notified Barr that GCI records did not include a mental-health kite with reference number GCI0422002492. Wesson has attached to his affidavit the documents that he sent to Barr, which include (1) the list of all GCI employees and (2) a memorandum dated December 23, 2022, from Wesson to Barr stating that "[a]t this time there is no reference number found under reference number GCI0422002492." Wesson also testifies that no "GCI record-retention schedule" exists because GCI follows the DRC system-wide retention schedule and does not have a separate institution-specific schedule.

{¶ 12} Barr does not challenge Wesson's testimony with respect to the records-retention schedule. However, he contends that Wesson's averments relating to the other two requested records "are lies, and fraud upon the Court." In support of his fraud allegation, Barr has attached copies of letters he has received

4

from Wesson in response to other public-records requests, which, according to Barr, "represent the kind of letter of acknowledgment" that Wesson typically sends. In these other responses, Wesson's letters acknowledged receipt of Barr's public-records requests, identified the records being produced, stated that other requested records did not exist, and contained Wesson's signature block. Because these letters differ in form from the December 23 memorandum that Wesson submitted as evidence in this case, Barr infers that the latter is fraudulent.

{¶ 13} We are unpersuaded by Barr's argument. Wesson testifies that he responded to Barr's public-records request and that he provided all existing responsive records. Barr disputes the truth of Wesson's testimony, swearing that he did not receive any response before he filed his complaint and that he did not receive the requested GCI-employee list until May 10, 2023. At best, the evidence regarding the issue whether Wesson responded to Barr's public-records request is evenly balanced. And in such a situation, the requester has failed to satisfy a clear-and-convincing standard of proof. *See State ex rel. Ware v. Giavasis*, 163 Ohio St.3d 359, 2020-Ohio-5453, 170 N.E.3d 788, ¶ 32. Barr is therefore not entitled to a writ of mandamus based on a claim that Wesson failed to respond at all to the December 2022 public-records request.

{¶ 14} Regarding the substance of Wesson's response to the public-records request, Barr disputes Wesson's claim that there is no mental-health kite with reference number GCI0422002492 from April 21, 2022. Barr has submitted as evidence a document purporting to be a copy of his kite log, printed on August 30, 2022, which Barr obtained via a separate public-records request. The document shows a kite with reference number GCI0422002492 having been transmitted by Barr on April 21, 2022. Barr says this document "establishes that kite number GCI0422002492 does in fact exist."

{¶ 15} The kite log Barr has submitted as evidence—the authenticity of which Wesson has not disputed—identifies the specific kite that Barr requested in

his December 2022 public-records request. This log is clear and convincing evidence that rebuts Wesson's testimony that "GCI records do not include" the mental-health kite that Barr requested. At the very least, the evidence shows that the kite existed in GCI's records a little more than three months before Barr sent his public-records request. We therefore grant a limited writ of mandamus ordering Wesson to produce a copy of the kite with reference number GCI0422002492 or to show cause why the record cannot be produced. *See State ex rel. Sultaana v. Mansfield Corr. Inst.*, __ Ohio St.3d __, 2023-Ohio-1177, __ N.E.3d __, ¶ 43 (granting a limited writ ordering a prison to produce records or to certify that no such records exist).

### C. Statutory Damages

{¶ 16} R.C. 149.43(C)(2) provides that a public-records requester shall be entitled to statutory damages if (1) he made a public-records request by one of the statutorily prescribed methods, (2) he made the request to the public office responsible for the requested records, (3) he fairly described the records being requested, and (4) the public office failed to comply with an obligation under R.C. 149.43(B). The amount of damages accrues at $100 for each business day during which Wesson failed to meet his R.C. 149.43(B) obligations, beginning on the day that Barr filed this mandamus action, up to a maximum of $1,000. R.C. 149.43(C)(2).

{¶ 17} In this case, Barr is eligible for an award because he transmitted his public-records request by electronic kite. *See State ex rel. Griffin v. Sehlmeyer*, 165 Ohio St.3d 315, 2021-Ohio-1419, 179 N.E.3d 60, ¶ 21. And Wesson does not dispute that he is a proper respondent or that Barr's request fairly described the records sought. Accordingly, the issue of a statutory-damages award turns on whether Wesson failed to comply with an obligation under R.C. 149.43(B).

{¶ 18} It is premature to determine whether an award of statutory damages is appropriate. As noted above, Barr has provided evidence that the kite with

6

reference number GCI0422002492 existed at some point. If Wesson produces the kite in response to a limited writ, then Barr will have shown that Wesson failed to comply with his obligation to produce it under R.C. 149.43(B), entitling Barr to an award of statutory damages. *See State ex rel. Rogers v. Dept. of Rehab. & Corr.*, 155 Ohio St.3d 545, 2018-Ohio-5111, 122 N.E.3d 1208, ¶ 23. But if Wesson responds to the show-cause portion of the limited writ with proof that GCI did not, in fact, have the kite on December 5, 2022 (i.e., the date of Barr's public-records request), then Barr will *not* have proven a violation of R.C. 149.43(B). Accordingly, we defer our determination of statutory damages until Wesson has complied with the limited writ.

### III. CONCLUSION

{¶ 19} For the foregoing reasons, we grant a limited writ of mandamus ordering Wesson to, within 14 days, either produce a copy of the kite with reference number GCI0422002492 or show cause why the record cannot be produced. We defer our determination of statutory damages until Wesson has complied with the limited writ. We deny Barr's motion to strike.

Limited writ granted.

KENNEDY, C.J., and DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

FISCHER, J., dissents.

_____

Harry M. Barr, pro se.

Dave Yost, Attorney General, and George Horváth, Assistant Attorney General, for respondent.

_____