[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Barr v. Wesson*, Slip Opinion No. 2024-Ohio-596.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-596

THE STATE EX REL. BARR *v*. WESSON.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Barr v. Wesson*, Slip Opinion No. 2024-Ohio-596.]

*Public-records requests—Relator showed that records custodian failed for approximately 180 days to comply with his obligation under R.C. 149.43(B) to produce requested document—Relator awarded $1,000 in statutory damages.*

(No. 2023-0113—Submitted January 9, 2024—Decided February 21, 2024.)

ON MOTION TO PROCEED TO JUDGMENT ON STATUTORY DAMAGES.

_____

**Per Curiam.**

{¶ 1} In this original action, relator, Harry M. Barr, requested (1) a writ of mandamus directing respondent, James Wesson, the warden's assistant at Grafton Correctional Institution ("GCI"), to produce records in response to a public-records request and (2) statutory damages under the Public Records Act, R.C. 149.43. We granted a limited writ ordering Wesson either to produce a copy of a "mental health

kite" dated April 21, 2022, with reference number GCI0422002492 or to show cause why the record could not be produced. *State ex rel. Barr v. Wesson*, __ Ohio St.3d __, 2023-Ohio-3645, __ N.E.3d __, ¶ 3, 19. We deferred our determination of statutory damages until Wesson had complied with the limited writ. *Id.* at ¶ 19.

{¶ 2} Wesson timely complied with the limited writ and mailed a copy of the kite to Barr. In his notice of compliance with the limited writ, Wesson states that his counsel had obtained a copy of the kite from the main office of the Ohio Department of Rehabilitation and Correction ("ODRC") and that on October 19, 2023, counsel forwarded it to Barr. Barr acknowledges receipt of the kite and has filed a motion asking us to proceed to judgment on the issue of statutory damages and to award him the statutory maximum amount of $1,000. Wesson has not responded to Barr's motion.

## STATUTORY DAMAGES

{¶ 3} R.C. 149.43(C)(2) provides that a public-records requester shall be entitled to statutory damages if (1) he made a public-records request by one of the statutorily prescribed methods, (2) he made the request to the public office responsible for the requested records, (3) he fairly described the documents being requested, and (4) the public office failed to comply with an obligation under R.C. 149.43(B). The amount of damages accrues at $100 for each business day during which Wesson failed to meet his R.C. 149.43(B) obligations, beginning on the day Barr filed this mandamus action, up to a maximum of $1,000. R.C. 149.43(C)(2).

{¶ 4} We already determined that (1) Barr is eligible for statutory damages because he transmitted his public-records request by electronic kite and (2) Wesson did not dispute that he was the proper respondent or that Barr fairly described the kite he had requested. *Barr*, __ Ohio St.3d __, 2023-Ohio-3645, __ N.E.3d __, at ¶ 17. Thus, the only remaining issue is whether Wesson's response to the limited writ shows that he failed to comply with an obligation under R.C. 149.43(B).

2

**{¶ 5}** Following our issuance of the limited writ, Wesson produced the kite that Barr requested on December 5, 2022. Wesson's notice of compliance indicates that his counsel obtained the kite from another source—namely, the ODRC "main office"—which arguably calls into question whether the record was in Wesson's or GCI's possession. *See State ex rel. Striker v. Smith*, 129 Ohio St.3d 168, 2011-Ohio-2878, 950 N.E.2d 952, ¶ 28 (records custodian has no duty under Public Records Act to produce records custodian does not possess). However, Wesson does not state that he or GCI did not have the kite when Barr requested it on December 5, 2022. Wesson complied with the limited writ by producing a copy of the kite, without qualification and without ever disputing in this case that he was the proper party from whom to request the kite in question. *See Barr* at ¶ 17. Accordingly, "Barr [has] shown that Wesson failed to comply with his obligation to produce it under R.C. 149.43(B)," *id.* at ¶ 18.

**{¶ 6}** Barr filed this action on January 27, 2023, and Wesson did not comply with his R.C. 149.43(B) obligation to produce the requested kite until October 19, 2023—approximately 180 business days later. Barr is therefore entitled to the maximum award of statutory damages.

## CONCLUSION

**{¶ 7}** For the foregoing reasons, we award statutory damages in the amount of $1,000 to Barr.

Motion granted.

KENNEDY, C.J., and DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

FISCHER, J., dissents.

———————————

Harry M. Barr, pro se.

Dave Yost, Attorney General, and George Horváth, Assistant Attorney General, for respondent.