**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Macksyn v. Spencer*, Slip Opinion No. 2026-Ohio-44.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2026-OHIO-44

THE STATE EX REL. MACKSYN *v.* SPENCER ET AL.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Macksyn v. Spencer*, Slip Opinion No. 2026-Ohio-44.]**

*Public-records requests—R.C. 149.43—Respondents' delay in producing records responsive to two of relator's public-records requests was unreasonable— Request for statutory damages granted in part.*

(No. 2024-0875—Submitted September 16, 2025—Decided January 13, 2026.)

IN MANDAMUS.

_____

The per curiam opinion below was joined by DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ. KENNEDY, C.J., concurred in part and dissented in part, with an opinion. FISCHER, J., concurred in part and dissented in part and would deny relator's request for an award of statutory damages.

**Per Curiam.**

{¶ 1} In this original action, relator, Delanor L. Macksyn, sought a writ of mandamus ordering respondents, Department of Rehabilitation and Correction ("DRC") employees Kenneth Spencer, LeAnn Walker-Williams, and Kelly Rose, to produce public records that Macksyn had requested. On June 18, 2025, we issued an opinion denying the writ as to most of the records. *State ex rel. Macksyn v. Spencer*, 2025-Ohio-2116. But we granted a limited writ ordering respondents to either produce certain emails that Macksyn had requested or certify to this court for each request that no responsive emails exist. *Id.* at ¶ 2. We deferred ruling on Macksyn's request for statutory damages until respondents had complied with the limited writ. *Id.*

{¶ 2} Respondents complied with the limited writ. Upon review, we award Macksyn $2,000 in statutory damages.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 3} On March 12, March 15, April 3, April 4, and April 21, 2024, Macksyn sent respondents electronic kites requesting the production of various public records.[1] In our June 18, 2025 opinion, we concluded that as to most of the requested records, by May 2024 respondents had either provided the records or properly informed Macksyn that the records did not exist. *Macksyn* at ¶ 22, 25-29. But with respect to Macksyn's March 12, April 4, and April 21 public-records requests, we granted a limited writ ordering respondents within 21 days to either (1) produce the emails Macksyn asked for in those requests and certify to this court the date the emails were produced or (2) certify as to each request that no responsive email exists. *Id.* at ¶ 2.

---

1. "A kite is a type of written correspondence between an inmate and prison staff." *State ex rel. Griffin v. Szoke*, 2023-Ohio-3096, ¶ 3.

{¶ 4} Respondents timely filed a notice of compliance with the limited writ. In the notice, respondents state that DRC employees searched for the emails and that on July 1, 2025, they provided emails to Macksyn in response to his April 4 and April 21 public-records requests. Respondents included copies of the emails with the notice. However, they state in the notice that they found no emails responsive to Macksyn's March 12 request. They included with their notice an affidavit from Spencer averring to these representations.

## II. LEGAL ANALYSIS

### A. Macksyn's motion to proceed to judgment on statutory damages

{¶ 5} After respondents filed their notice of compliance, Macksyn filed a motion to proceed to judgment on statutory damages. In the motion, he states that he "accepts [that] Respondents hav[e] complied with the Court's June 18, 202[5] entry." He asks us to proceed to judgment on statutory damages and to award him $1,000 for each of the public-records requests he made on March 12, April 4, and April 21. Respondents oppose the motion.

{¶ 6} We did not order Macksyn to file such a motion, and no rule requires or describes such a motion. Although at least one other relator has filed a similar motion in a similar case and we ruled on it, *see State ex rel. Mobley v. Powers*, 2024-Ohio-3315, ¶ 2, such a motion is not necessary for us to determine whether to award damages. In this case, Macksyn requested statutory damages in his complaint and merit brief, our original opinion deferred our determination on statutory damages until respondents had complied with our limited writ, *Macksyn*, 2025-Ohio-2116, at ¶ 40, and respondents have now complied with the limited writ, so we must determine whether statutory damages should be granted. Accordingly, we deny the motion as moot.

### B. Macksyn's motion to strike

{¶ 7} Macksyn has also filed a motion to strike respondents' memorandum opposing his motion to proceed to judgment on statutory damages. Macksyn does

not allege that he was not served with the memo, *see* S.Ct.Prac.R. 3.11(E), or raise any other grounds that would justify striking the memo. Rather, the motion to strike responds to arguments made in respondents' memo and is, in substance, a reply to the memo. A reply to a memorandum in response to a motion is not permitted. S.Ct.Prac.R. 4.01(B)(2). Therefore, we deny Macksyn's motion to strike.

### C. Standard for statutory damages

{¶ 8} "Statutory damages shall be awarded if a requester of public records transmits a written request to a public office by hand delivery, electronic submission, or certified mail and the public office or person responsible for public records fails to comply with its obligations under R.C. 149.43(B)." *State ex rel. Atakpu v. Shuler*, 2023-Ohio-2266, ¶ 13; *accord* R.C. 149.43(C)(2).[2] Macksyn sent his public-records requests by electronic kite, which constitutes electronic submission for purposes of R.C. 149.43(B), *State ex rel. Clark v. Dept. of Rehab. & Corr.*, 2025-Ohio-895, ¶ 16. "Statutory damages will be awarded when a public-records custodian takes an unreasonable length of time to produce the requested records." *State ex rel. Ware v. Akron*, 2021-Ohio-624, ¶ 18.

{¶ 9} Statutory damages are set at $100 a day for each business day the public office failed to comply with its obligations, starting with the day the requester filed the mandamus action, with a maximum award of $1,000. R.C. 149.43(C)(2). Macksyn filed this mandamus action on June 13, 2024.

### D. The March 12 request

{¶ 10} On March 12, 2024, Macksyn sent Walker-Williams a public-records request asking for a particular email that he alleges one DRC employee sent to another DRC employee. In their merit brief, respondents argued that Spencer provided the email to Macksyn in April 2024. We concluded that the evidence

---

2. The General Assembly has recently made amendments to R.C. 149.43, most notably in 2024 Sub.H.B. No. 265 (effective Apr. 9, 2025) and some provisions have been renumbered. This opinion applies the version of the statute enacted in 2023 Am.Sub.H.B. No. 33 (effective Oct. 3, 2023).

showed that Spencer had not produced the email, and we granted a limited writ ordering respondents to either produce the email or certify that it does not exist. *Macksyn*, 2025-Ohio-2116, at ¶ 35-37.  In their notice of compliance, respondents state that they found no emails responsive to Macksyn's March 12 request.  Because Macksyn has not shown that respondents failed to produce responsive records or otherwise failed to comply with an obligation under R.C. 149.43(B), we conclude that Macksyn has not shown entitlement to statutory damages related to his March 12 request for the email.

{¶ 11} In addition, Macksyn's March 12 public-records request stated that the email he was requesting "asserts that prisoner[s] must have a written contract between [them] before they can assist each other with preparation in legal assistance."  His request also stated that he was "requesting to view . . . this alleged local policy."  Although respondents state that they did not find the alleged email, they included a copy of a DRC policy related to the law library with their notice of compliance.  The policy does not discuss written contracts between inmates.  Macksyn seeks statutory damages for respondents' failure to previously produce the policy.  However, his request did not clearly ask for a copy of the general law-library policy; he requested to view a policy that requires written contracts between prisoners.  Thus, Macksyn is not entitled to statutory damages related to the policy.

*E.  The March 15 request*

{¶ 12} On March 15, 2024, Macksyn sent Rose a public-records request asking for copies of two kites.  Rose did not substantively reply to the request—instead, her response addressed an issue entirely unrelated to the request.  But Spencer averred that on April 8, 2024, he provided the requested kites to Macksyn, and we concluded that Macksyn had not shown by clear and convincing evidence that respondents failed to produce the kites.  *Macksyn* at ¶ 23, 25.  Nor has Macksyn shown that this approximately three-week delay was unreasonable.  Because Macksyn has not shown that respondents failed to produce copies within a

reasonable time or otherwise failed to comply with an obligation under R.C. 149.43(B), we deny Macksyn's request for statutory damages related to his March 15 request.

### F. The April 4 request

{¶ 13} On April 3, 2024, Macksyn requested certain emails. He narrowed the request on April 4 and asked for emails "between Smith and Rose from 3-8 to 4-1 concerning [Macksyn], [between] Rose and Johnston from 3-8 to 4-3 about [Macksyn, and between] Rose and Allen about [Macksyn]." Respondents did not produce the emails until over a year later, on July 1, 2025, after this court issued the limited writ in this case. "Statutory damages will be awarded when a public-records custodian takes an unreasonable length of time to produce the requested records." *Ware*, 2021-Ohio-624, at ¶ 18. We have found that shorter response times for similar or more complicated requests were unreasonable. *See State ex rel. Gilreath v. Cuyahoga Job & Family Servs.*, 2024-Ohio-103, ¶ 3, 33-34 (five-month response time for case-history files and investigation records was unreasonable); *State ex rel. DiFranco v. S. Euclid*, 2015-Ohio-4914, ¶ 3, 18 (eight-month response time for a "long list" of city financial and payment records was unreasonable). Therefore, we conclude that respondents took an unreasonable time to produce the records, and in accordance with the formula in R.C. 149.43(C)(2) set forth above, we award Macksyn $1,000 related to the April 4 request.

### G. The April 21 request

{¶ 14} Macksyn also asked for emails in his April 21, 2024 public-records request; specifically, he asked for the "e-mails between Rose and [the] Warden's office between dates of 3-12 to 3-23 concerning Macksyn." Respondents did not provide these emails until July 1, 2025. Because—similar to our finding regarding the response time related to Macksyn's April 4 request—we conclude that the delay was unreasonable, we award Macksyn $1,000 for the April 21 request in accordance with the formula in R.C. 149.43(C)(2).

**{¶ 15}** A relator is not entitled to separate statutory-damage awards with respect to follow-up correspondence related to an earlier request. *See State ex rel. Clark v. Dept. of Rehab. & Corr.*, 2024-Ohio-770, ¶ 17. Macksyn's April 4 and April 21 public-records requests both asked for emails discussing him during similar time periods, but they asked for emails between different people or offices. Thus, the second request was for a separate category of emails and was not follow-up correspondence. We therefore award Macksyn separate damages related to the April 4 and April 21 requests, for a total of $2,000.

### III. CONCLUSION

**{¶ 16}** For the foregoing reasons, we award Macksyn $2,000 in statutory damages: $1,000 related to his April 4 request and $1,000 related to his April 21 request. In addition, we deny as moot his motion to proceed to judgment on statutory damages and deny his motion to strike respondents' memo opposing his motion to proceed.

Request for statutory damages granted in part.

_____

**KENNEDY, C.J., concurring in part and dissenting in part.**

**{¶ 17}** I agree with the majority's decision to award relator, Delanor L. Macksyn, $1,000 in statutory damages for each of the April 4 and April 21, 2024 public-records requests for different categories of emails because respondents, Department of Rehabilitation and Correction employees Kenneth Spencer, LeAnn Walker-Williams, and Kelly Rose, failed to produce the records until over a year after Macksyn filed his mandamus action. However, I would also find that respondents failed to properly deny Macksyn's March 12 request for a copy of an email, so I would award Macksyn an additional $1,000 in statutory damages. Therefore, I concur in part and dissent in part.

{¶ 18} Under Ohio's Public Records Act,[3] a public office or person responsible for public records must take one of three actions upon receipt of a public-records request: (1) produce the requested records, R.C. 149.43(B)(1); (2) deny the request as ambiguous and provide the requester with the information and opportunity necessary to revise his or her request, R.C. 149.43(B)(2); or (3) deny the request with an explanation of why the request was denied, R.C. 149.43(B)(3). Each of these divisions of R.C. 149.43(B) uses the word "shall," making a records custodian just as obligated to properly deny a records request under R.C. 149.43(B)(2) and (3) as it is to produce the requested records under R.C. 149.43(B)(1).

{¶ 19} A requester is entitled to statutory damages of "one hundred dollars for each business day during which the public office . . . failed to comply with *an obligation* in accordance with [R.C. 149.43(B)], beginning with the day on which the requester files a mandamus action to recover statutory damages, up to a maximum of one thousand dollars." (Emphasis added.) R.C. 149.43(C)(2).

{¶ 20} To find that a requester is not entitled to damages when a records custodian fails to properly deny a request goes against the unambiguous language of the statute. The General Assembly easily could have written, "A requester is entitled to statutory damages if a public office or person responsible for public records fails to timely produce a requested record," and left it at that. But it did not. Instead, the General Assembly said that a requester is entitled to statutory damages if the public office or person responsible for public records fails "to comply with *an obligation*." (Emphasis added.) *Id.* The indefinite article *an* implies that there is more than one relevant obligation, and R.C. 149.43(C)(2)'s reference to R.C. 149.43(B) generally, rather than to R.C. 149.43(B)(1) specifically, means that the

---

3. The General Assembly has recently made amendments to R.C. 149.43, most notably in 2024 Sub.H.B. No. 265 (effective Apr. 9, 2025) and some provisions have been renumbered. This opinion applies the version of the statute enacted in 2023 Am.Sub.H.B. No. 33 (effective Oct. 3, 2023).

failure of a records custodian to comply with any obligation under R.C. 149.43(B) makes the requester eligible for statutory damages.

{¶ 21} Because properly denying a request for a public record is plainly one of the obligations listed in R.C. 149.43(B), a requester is entitled to statutory damages if a public office or person responsible for public records fails to properly deny his or her request for a public record before he or she files an action for a writ of mandamus.

{¶ 22} Here, Macksyn submitted a public-records request to Walker-Williams on March 12, asking for a copy of an email. Respondents claimed in their merit brief that they had provided Macksyn with all responsive records. This court found that they had not produced the record responsive to the March 12 request and ordered them to "produce the email or certify that it does not exist." Majority opinion, ¶ 10, citing *State ex rel. Macksyn v. Spencer*, 2025-Ohio-2116, at ¶ 35-37. Despite respondents' earlier assertion that they had provided Macksyn with this email, their notice of compliance stated that they found no responsive records. Therefore, Macksyn's March 12 request was not properly denied until after this court ordered respondents to produce or certify the nonexistence of the record.

{¶ 23} Because respondents violated R.C. 149.43(B)(3) by failing to properly deny Macksyn's request until over a year after he filed his mandamus action, I would award Macksyn $1,000 in statutory damages for the March 12 request.

{¶ 24} For these reasons, I concur in part and dissent in part.

_____

Delanor L. Macksyn, pro se.

Dave Yost, Attorney General, and Jennifer A. Driscoll, Assistant Attorney General, for respondents.

_____